# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TREYON ANTONIO WILLIAMS,      )
                                  )

     Plaintiff,               )
                                  )

v.                            )          CV418-141
                                  )

SHERIFF WILCHER,[1] *et al.*,     )
                                  )

     Defendants.         )

## ORDER

Plaintiff Treyon Antonio Williams has filed this second 42 U.S.C. § 1983 excessive force and retaliation action after again being "assaulted" while in the custody of the Chatham County Sheriff's Department. Doc. 1 at 5 (alleging he was assaulted by Deputy Thomas and Captain Warren, with Lieutenant Blanton's help).[2] The Court, having granted his request to pursue his case *in forma pauperis*, doc. 3,

---

[1]    Plaintiff spelled Sheriff John Wilcher's name incorrectly (*see* doc. 1 at 1, spelling "Welcher"). The Clerk is **DIRECTED** to update the docket to reflect the correct spelling of the sheriff's name. All future pleadings shall so conform.

[2]    Williams' first Complaint arose out of an assault by Corporal Rogers some weeks before the assault alleged in this new complaint. CV418-097, doc. 1 at 5.

and Williams having returned the necessary forms, docs. 4 & 5, now

screens his Complaint pursuant to 28 U.S.C. § 1915A.[3]

## I.    ANALYSIS

Plaintiff has pled facts sufficient to state a claim for use of excessive

force.    The Eighth Amendment's proscription against cruel and unusual

punishment governs the amount of force that prison officials are entitled

to use against inmates, *see Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th

Cir. 1999), and the due process clause of the Fourteenth Amendment

---

[3]    Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a
complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79
(11th Cir. 2001), allegations in the Complaint are taken as true and construed in the
light most favorable to him.    *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).
Conclusory allegations, however, fail.    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(discussing a Rule 12(b)(6) dismissal).

Prisoners must exhaust all available administrative remedies before filing an
action that challenges the conditions of their confinement.    42 U.S.C. § 1997e(a); *see
Harris v. Gamer*, 190 F.3d 1279, 1285-86 (11th Cir. 1999) (exhaustion is a
"pre-condition to suit," even where the available administrative remedies are "futile
or inadequate"); *Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("exhaustion is
mandatory under the PLRA"); *but see Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1859
(2016) (prisoners need only exhaust those remedies which were available to them).    It
is unclear whether Williams has *fully* exhausted his administrative remedies, in that
he admits he has not appealed any adverse decision to the highest possible level but
contends that he "wasn't given the opportunity."    Doc. 1 at 4.    But, "[t]he exhaustion
requirement is an affirmative defense, and a prisoner is not required to plead or
demonstrate exhaustion in his complaint."    *Cole v. Secretary, Department of
Corrections*, 451 F. App'x 827, 828 (11th Cir. 2011) (citing *Jones*, 549 U.S. at 216).    If,
however, defendant later puts forward proof showing that plaintiff failed to exhaust
and defendant did not inhibit his efforts to do so, the PLRA will require the Court to
dismiss his claims.    *See Turner v. Burnside*, 542 F.3d 1077, 1082 (11th Cir. 2008);
*Harris*, 190 F.3d at 1285-86.

guarantees detainees the same level of protection mandated by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1573-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights."). A prisoner must prove both that the prison official's conduct was objectively "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the force was used "maliciously and sadistically for the very purpose of causing harm" rather than in "a good faith effort to maintain or restore discipline." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Farmer*, 511 U.S. at 832-33 (a claimant asserting excessive force must show "more than 'indifference, deliberate or otherwise'"); *see Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (the use of force does not violate the Constitution if it is applied "in a good-faith effort to maintain or restore discipline").[4]

Plaintiff states a plausible claim that defendants used excessive force against him on the date of the incident. He alleges that, for no

---

[4]    To determine whether the force was used for the "malicious and sadistic purpose of causing harm" or was applied in good faith, courts consider "the need for the application of force, the relationship between that need and the amount of force used, the extent of injury that the inmate suffered, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response." *Hudson*, 503 U.S. at 7; *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009); *Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs*, 456 F. App'x 845, 848 (11th Cir. 2012).

reason,[5] Deputy Thomas "slam[m]ed my 4 fingers on my left hand in the tray flap so hard he shed blood."  Doc. 1 at 5.  The next day, while in full restraints, Captain Warren "punched me multiple time[s] in the face with a closed fist, stop [*sic*] and spat in my face and punched me several more times" while Lieutenant Blanton held him down.  *Id*.  His alleged injuries indicate a more than *de minimis* use of force, *see Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002), as (at least) his left hand was left swollen and bloodied.  Doc. 1 at 5.  Taking these allegations as true, plaintiff posed no threat to the officers and thus there was simply no need for the application of injury-inducing force.[6]  And that is enough to state a claim against Lieutenant Blanton as well, who ensured Williams could not avoid the unjustified physical abuse.  *Id*.

---

[5]    As noted in his other case, "[t]o be sure, plaintiff was housed in an 'isolation-segregation unit' at the time of the incident.  It is unclear how he got there, or whether defendants may have a different view of whether the interaction was indeed triggered by Williams' conduct, but as pled it appears the use of force was exercised without cause or provocation."  CV418-097, doc. 8 at 4 n. 5.

[6]    Again, it is unclear why plaintiff was in restraints in the first place, but being that he was immobilized he presumably could not have posed much of a danger prior to the beating.

## III. CONCLUSION

In sum, plaintiff's claim for excessive force survives frivolity review. The Clerk is **DIRECTED** to forward a copy of this Order, along with Williams' Complaint, to the Marshal for service upon the defendants.

Meanwhile, plaintiff must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $9.93. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $9.93 from plaintiff's account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO ORDERED,** this  9th   day of July, 2018.

_G R Smith_

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA