# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TREYVON ANTONIO WILLIAMS, )
)
    Plaintiff, )
)
v. ) CV418-141
)
SHERIFF WILCHER, *et al.*, )
)
    Defendants. )

## **ORDER**

Stymied by "jail policy" that access to the law library is not permitted without a "court order," Treyvon Williams has sent this Court a letter seeking permission to utilize Chatham County Jail's library resources. Doc. 10. Williams is proceeding *pro se* in both this case and another (*see Williams v. Wilcher*, CV418-097) in the Southern District of Georgia, and is thus unrepresented by counsel. He therefore has a right to meaningful access to the courts, including some right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Bowens v. Sikes*, 2017 WL 486266 at *4 (S.D. Ga. Jan. 4, 2017); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which

allegedly infringed on an inmate's right of access to the courts [ ] frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim.").

It is unclear both on what basis Williams is being denied access to the law library, and what relief Williams seeks through his letter motion. The Court cannot provide him with an Order to increase his law library privileges beyond what Chatham County Jail deems adequate, as that type of relief is outside the scope of his current lawsuit alleging he has been subjected to excessive force. *See* doc. 1. His motion is therefore **DENIED**. The Court hopes, however, that by clarifying that service has been authorized on defendants in both of plaintiff's cases (*see* CV418-097 & CV418-141), further clarification regarding Williams' *pro se* status (*i.e.*, self-representation in this Court) will be unnecessary.

**SO ORDERED**, this  4th  day of September, 2018.

*GR Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA